UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ANHEUSER-BUSCH BEER LABELING
MARKETING AND SALES PRACTICES LITIGATION                    MDL No. 2448


TRANSFER ORDER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in a Northern District of California action move for centralization of this litigation in the Northern District of California. This litigation currently consists of six actions pending in six districts, as listed on Schedule A.[1]

Plaintiffs in all actions support the motion in its entirety. Defendant Anheuser-Busch Companies, LLC, opposes centralization. If the Panel orders centralization over its objection, Anheuser-Busch argues the Panel should select the Northern District of Ohio.

All actions before us allege that defendant deliberately and systematically overstates the alcohol content of the same eleven malt beverage products by allegedly adding extra water to the finished products. In opposing centralization, defendant principally argues that the factual issues are not sufficiently complex or numerous to warrant centralization because, to the extent the alcohol content of some products vary from their labels, the variance is within the range permitted by federal regulation.[2]

Plaintiffs argue, and we agree, that notwithstanding defendant's apparent acknowledgment of some variance for unspecified products, the alleged conduct primarily at issue – systematic overstatement of the alcohol content – will remain in dispute and will involve complex discovery concerning the calibration of the involved equipment and corporate policy with respect to labeling. Defendant also argues that centralization is not warranted because the number of involved actions and counsel is limited and, thus, voluntary coordination is practicable. This argument is not persuasive considering that six putative class actions are pending in six geographically dispersed

---

[1] The Panel has been notified of two potentially related actions. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In a related vein, defendant argues that little or no discovery will be required in light of the defenses raised in its pending motions to dismiss. As the Panel held long ago, however, "'[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.'" *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) (quoting *In re: Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972)).

-2-

districts and the overlap in counsel is minimal. Centralization thus likely will result in significant efficiencies.

On the basis of the papers filed and the hearing session held, we find that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These six putative class actions share factual questions arising from defendants' alleged deliberate and systematic practice of overstating the alcohol content on the labels of the following malt beverage products: Budweiser, Bud Ice, Bud Light Platinum, Michelob, Michelob Ultra, Hurricane High Gravity Lager, King Cobra, Busch Ice, Natural Ice, Black Crown, and Bud Light Lime. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Ohio is an appropriate transferee district for this litigation. This district provides a geographically central forum for this nationwide litigation, and is equally convenient to plaintiffs and defendant. Judge Donald C. Nugent, who is presiding over one of the actions, is an experienced transferee judge. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Donald C. Nugent for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE:  ANHEUSER-BUSCH BEER LABELING
MARKETING AND SALES PRACTICES LITIGATION          MDL No. 2448

## SCHEDULE A

<u>Northern District of California</u>

Nina Giampaoli, et al. v. Anheuser-Busch Companies, LLC, C.A. No. 3:13-00828

<u>District of Colorado</u>

Joel Richardson v. Anheuser-Busch Companies, LLC, C.A. No. 1:13-00506

<u>District of New Jersey</u>

Brian Wilson v. Anheuser-Busch Companies, LLC, C.A. No. 1:13-01122

<u>Northern District of Ohio</u>

Joseph Hopkins, et al. v. Anheuser-Busch Companies, LLC, C.A. No. 1:13-00413

<u>Eastern District of Pennsylvania</u>

Thomas Greenberg, et al. v. Anheuser-Busch Companies, LLC, C.A. No. 2:13-01016

<u>Northern District of Texas</u>

Michael Seidenstein v. Anheuser-Busch Companies, LLC, C.A. No. 3:13-00917